IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Plaintiff*, v. PAPA JOHN'S USA INC. and PAPA JOHN'S INTERNATIONAL INC., *Defendants.* | CIVIL ACTION NO. 3:23-cv-00030-TES |

ORDER GRANTING MOTION TO INTERVENE

Before the Court is Proposed Plaintiff-Intervenor Michael Barnes' Motion to Intervene [Doc. 4]. To intervene in this case, Barnes must show that his Motion is timely and that a federal statute gives him an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1); *E.E.O.C. v. Pizza & Sub Exp., Inc.*, No. 3:09-CV-85 (CDL), 2009 WL 2912905, at *1 (M.D. Ga. Sept. 3, 2009).

First, as to timeliness, the Eleventh Circuit outlines four factors a court should consider—namely:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if its motion is denied; and (4) the existence of unusual circumstances militating either for or against a

determination that its motion was timely. *Howard v. McLucas*, 782 F.2d 956, 959 (11th Cir. 1986). Each factor weighs in favor of granting Barnes' Motion. Especially because Barnes filed the instant Motion less than a month from the date the EEOC filed its Complaint [Doc. 1], and no other party will be prejudiced by the addition of Barnes to the case.

Additionally, the ADA—the basis of the claims brought in this case—grants Barnes an unconditional right to intervene. *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir. 1980)[1] ("Thus, a private party whose interests may be affected by a suit the [EEOC] brings has an unqualified right to intervene in the suit, if he timely seeks to do so."); *E.E.O.C. v. Gentiva Health Servs., Inc.*, No. 120CV03936MHCAJB, 2020 WL 9595123, at *2 (N.D. Ga. Dec. 14, 2020) ("[T]he ADA gives [movant] the unconditional right to intervene in the EEOC's case . . . .").

Therefore, the Court **GRANTS** Proposed Plaintiff-Intervenor Michael Barnes' Motion to Intervene [Doc. 4] and **DIRECTS** Barnes to file his Intervenor Complaint.

**SO ORDERED**, this 12th day of April, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).