IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : CIVIL ACTION NO.:<br>: 3:23-cv-00030-TES |
| PAPA JOHN'S USA, INC., and PAPA JOHN'S INTERNATIONAL, INC., | :<br>:<br>:<br>: |
| | : **JURY TRIAL DEMAND** |
| Defendants. | :<br>: |
| _____ | :<br>: |
| MICHAEL BARNES, | :<br>: |
| Plaintiff-Intervenor, | :<br>: |
| v. | :<br>: |
| PAPA JOHN'S USA, INC., and PAPA JOHN'S INTERNATIONAL, INC., | :<br>:<br>:<br>: |
| Defendants. | : |
| _____ | : |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA") and Title I of the Civil Rights Act of 1991. The

1

Commission's Complaint alleged that Defendant Papa John's USA, Inc. ("PJUSA"), and Defendant Papa John's International, Inc. ("PJI") (collectively, "Defendants"), discriminated against Plaintiff-Intervenor Michael Barnes ("Barnes") when they failed to reasonably accommodate Barnes's qualifying disability and terminated his employment. Barnes filed a third-party Intervenor Complaint alleging the same. Defendants deny the allegations.

The Commission, Defendants, and Barnes (collectively, the "Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaints without the burden, expense, and delay of further litigation. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendants but constitutes the good faith settlement of a disputed claim.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall also be

binding upon the successors, and assigns of Defendants; and (5) this Consent Decree resolves all allegations made by the Commission and Plaintiff Intervenor in their respective Complaints.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendants shall comply with the ADA and its corresponding regulations.

2. Defendants have by separate agreement agreed to pay Barnes a total settlement amount of $175,000.00 in settlement of the claims raised in this action. Defendants shall make payment by issuing checks payable as agreed by Defendants and Intervenor Counsel. Defendants shall send the settlement check(s) as agreed by Defendants and Intervenor Counsel via overnight delivery to an address to be provided in writing to Defendants by Intervenor Counsel. Within ten (10) business days after the check(s) have been sent, Defendants shall report compliance with this provision in writing to the Commission.

3. No party to this Consent Decree shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Barnes may incur on such payment under local, state and/or federal law.

The Commission may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from

the employer's taxes. If required to do so, the Commission will provide the employer(s) with a copy of the 1098-F form that it will provide to the IRS.

    a. Within ten (10) business days of the signing of this Consent Decree, Defendants agree to provide the Commission (1) the Employer's EIN(s) and (2) the individual and physical address(es) to whom the Commission should mail the copy of the Form 1098-F, if the Commission is required to issue one. Any identified individual must be an employee of the relevant Defendant or a designated agent.

    b. The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.

    e. The Parties are not acting in reliance on any representation made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4.    If Barnes does not receive the payments described in Paragraph 2, above, by the due date set forth therein due to a failure on the part of Defendants to properly transmit the same, Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any traditional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal

court.

5. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall eliminate from the employment records and personnel file of Barnes any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2020-08043, to include his request for reasonable accommodation, any and all documents related thereto, his employment status thereafter, and the related events, including the filing of his EEOC Charge and this litigation. These files need not be deleted or destroyed to achieve compliance with this provision. Defendants may remove the above-described files and save them in a separate, sequestered, restricted, and password protected area. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision in writing to the Commission.

6. Defendants shall maintain and/or revise the attached ADA policy (the "Policy") consistent with the terms of this Consent Decree throughout the term of this Consent Decree. A copy of the Policy is attached hereto as **Exhibit A**. The Policy shall be made available to all of Defendants' employees within forty-five (45) calendar days of the Court's entry of this Consent Decree via the Company's intranet. The Policy shall also be made available to new employees within thirty (30) days of hire. A copy of the Policy shall be included in Defendants' employee

handbook. The accommodations committee process will also remain in effect for the term of this Consent Decree. Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

7. Defendants shall provide an annual, mandatory training program to the members of the Accommodations Committee and human resources personnel involved in the accommodations process throughout the duration of this Consent Decree. Each training program shall include, at a minimum: (a) an explanation of the Policy referenced in Paragraph 6, above; (b) a description of the ADA, the types of conduct and/or policies that constitute discrimination because of disability, and the laws protecting employees from disability discrimination or ADA retaliation; and (c) an explanation of the circumstances that may entitle an employee to a reasonable accommodation for a disability, including training on reasonable accommodations to individuals with sight-related disabilities and/or the use of service animals as reasonable accommodations in the restaurant industry.

8. The first training program shall be completed within one hundred twenty (120) days of the entry of this Consent Decree. The second training program shall be conducted approximately one-year thereafter. Within thirty (30) business days after completion of the training program, Defendants shall report in writing to the Commission that the training as described in the Paragraph above occurred.

Defendants shall also specifically report compliance with this provision to the Commission as to the attendance and completion of the training with respect to each member of the Accommodation Committee.

9. Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, in each of its facilities in the Middle District of Georgia, in a place where it is visible to employees. Defendants further agree to electronically display the Notice marked as **Exhibit B** on their Intranet system(s) within thirty (30) business days of the effective date of this Consent Decree and for the remainder of its duration. Within thirty (30) business days after entry of this Consent Decree, Defendants shall notify the Commission of their compliance with all provisions of this Paragraph and will provide a screenshot of the Notice and the manner in which it is posted, as described herein.

10. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due six (6) months after approval by the Court of this Consent Decree. The reports will include the following information:

> a. the identities of all applicants or employees whose formal complaints of disability discrimination were received by Human

7

    Resources, to include any complaints that the individual was discharged, demoted, or denied a position because they requested a reasonable accommodation for a disability, or was denied accommodation for a disability, including each person's name, address, telephone number, and position title; and

  b. for each individual identified in Paragraph 10.a., above, explain what actions were taken by Defendant(s) in response to the individual's report;

  c. for each individual identified in Paragraph 10.a., above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, not hired, termination, firing, demotion, promotion, or to part-time from full-time); and

  d. for each individual whose employment status has changed as identified in Paragraph 10.c., above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, with reasonable prior written notice at

least five (5) business days in advance and identifying the specific locations subject to inspection, inspect Defendants' facilities for compliance and examine and request copies of documents relevant to Defendants' compliance under this Consent Decree.

12. If at any time during the term of this Consent Decree the Commission believes that a Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to the Defendant within thirty (30) days of the alleged violation. The relevant Defendant shall have thirty (30) business days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of thirty (30) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

> Marcus G. Keegan
> Regional Attorney
> U.S. Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, GA 30303

14. All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Counsel for Defendants. If at any time

during the term of this Consent Decree Defendants' designated point of contact changes, Defendants shall notify the Commission and provide contact information for a new designated point of contact within ten (10) calendar days of the change.

15. This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court and shall expire by its own terms at the end of the two (2) year period.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

17. Except as delineated above, each party shall bear its own costs and attorney's fees.

| | |
|---|---|
| November 20, 2023 | S/ Tilman E. Self, III |
| Date | Judge, U.S. District Court |
| | Middle District of Georgia |

The Parties jointly request that the Court approve and enter the Consent Decree:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

KARLA GILBRIDE
General Counsel

**FOR DEFENDANTS, PAPA JOHN'S USA, INC., and PAPA JOHN'S INTERNATIONAL, INC.:**

*/s/ Terri R. Stewart*
Terri R. Stewart
Georgia Bar No. 244642

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

*/s/ Adam T. Mills*
Adam T. Mills
Trial Attorney
Georgia Bar No. 123930
adam.mills@eeoc.gov
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Telephone: (470) 531-4807
Facsimile: (404) 562-6905

tstewart@fisherphillips.com
Jenna B. Rubin
Georgia Bar No. 713791
jrubin@fisherphillips.com

FISHER & PHILLIPS LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Facsimile (404) 240-4249

**FOR PLAINTIFF-INTERVENOR MICHAEL BARNES:**

*/s/ Cheryl B. Legare*
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: 470-823-4000
Facsimile: 470-201-1212

*/s/ John F. Beasley, Jr.*
John F. Beasley, Jr.
Georgia Bar No. 045010
jfbeasley@jfbeasleylaw.com
P.O. Box 309
Watkinsville, GA 30677
Telephone 706-769-4410